IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN COYNE d/b/a EXTREME KARAOKE and ABSOLUTE DISC JOCKEYS; MITCH PALMER; ALLEN MANDO; TONY GONZALEZ; TIM THOMAS; RACHEL YACKLEY; ANGIE ONTHENIC; PETER GARCIA; and KENNY SEIDMAN d/b/a DJ KENNY B, <br><br> Defendants. | Case No. 1:13-cv-02298 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT
JOHN COYNE'S MOTION TO DISMISS**

The above-captioned action is for trademark/trade dress infringement involving counterfeit goods, for unfair competition under the Lanham Act, and for deceptive and unfair trade practices under Illinois law. On May 9, 2013, Defendant John Coyne d/b/a Extreme Karaoke and Absolute Disc Jockeys ("Coyne") moved pursuant to Federal Rule 12(b)(6) for the Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. The Plaintiff, Slep-Tone Entertainment Corporation, by and through its counsel, respectfully opposes this motion and in support thereof states as follows.

I. **Introduction.**

The gravamen of Coyne's motion is that the trademark, unfair competition, and deceptive trade practices laws of the United States and Illinois do not extend to his

actions in copying and publicly performing counterfeit copies of Plaintiff's karaoke recordings and displaying Plaintiff's registered trademarks as part of such unauthorized performances. Instead, Coyne argues that Plaintiff's only remedy is a claim for copyright infringement and since Plaintiff has not asserted such a claim, the entire case should be dismissed. For the reasons stated herein, Coyne's arguments should be denied.

As stated in the Complaint, the widespread practice of copying and displaying counterfeit goods has nearly driven Slep-Tone out of business, forcing it to undertake litigation in order to ensure it survives and continues to produce the high-quality karaoke music its fans demand, and to level the playing field for legitimate KJ's. Although Coyne disparages this litigation, it is his actions as a counterfeit performer that cannot be condoned. As numerous courts have found, Slep-Tone states sufficient trademark, unfair competition, and deceptive trade claims when it seeks to protect its rights from Defendants, like Coyne, who illegally use and display counterfeit goods. *Slep-Tone Entm't Corp. v. Shenanigans Lounge*, 2013 WL 1768444 (D. Ore. Apr. 20, 2013); *Slep-Tone Entm't Corp. v. Buckmueller*, 2012 WL 818404 (D. N.J. March 8, 2012); *Slep-Tone Entm't Corp. v. Keats Karaoke*, 2011 WL 6057979 (S.D. N.Y. Dec. 2, 2011); *Slep-Tone Entm't Corp. v. Arrowood*, 2011 WL 4482082 (S.D. Ohio Sept. 26, 2011).

## II. Legal Standard.

Under Rule 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule does "not require heightened fact pleading of specifics," only "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing complaints under a motion to dismiss, the Court must accept the complaint's well-pleaded allegations as true and draw all favorable inferences for the Plaintiff. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). "We give the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Bausch v. Stryker Corp.*, 630 F.3d 546, 559 (7th Cir. 2010). The pleading rules are meant to "ensure that claims are determined on their merits rather than on pleading technicalities." *Id*.

### III. The Complaint States a Plausible Claim for Trademark and/or Trade Dress Infringement.

Coyne has raised three grounds in attacking the sufficiency of the Complaint for trademark and/or trade dress infringement: (1) Plaintiff failed to plausibly allege use of the trademarks in commerce, (2) Plaintiff failed to differentiate among the nine Defendants, and (3) Plaintiff failed to plausibly allege a likelihood of confusion. Each of Coyne's grounds is without merit.

#### A. Sufficient Facts are Alleged to Show "Use in Commerce."

Coyne recognizes that Plaintiff makes allegations in its Complaint for use in commerce (Complaint ¶¶ 64, 76), but in an ironically conclusory fashion, claims these allegations are "conclusory, and therefore cannot be accepted as true." (Coyne's Motion to Dismiss p. 7). There is nothing conclusory about the allegations made in the Complaint. The Complaint specifically states that Plaintiff attended a public karaoke show in which Coyne possessed, used, or authorized the use and display of unauthorized counterfeits bearing Plaintiff's trademarks; that Coyne advertised and provided karaoke

services while using the Plaintiff's trademarks and trade dress; and that Coyne did so in exchange for money. (Complaint ¶¶ 33-35, 59-64, 76). These statements are sufficient to meet the definition of "use in commerce" under 15 U.S.C. § 1127, and to provide defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Coyne's conclusory argument to the contrary is wholly without merit.

  B. <u>Aggregating Multiple Defendants</u>

Coyne also claims Plaintiff "improperly aggregates the actions of each of the nine individual defendants in this case." This argument is simply not true. The Complaint specifically states that each of the Defendants is a member of or a close associate of the business enterprise "Extreme Karaoke" and "Absolute Disc Jockeys," which Coyne is the owner. (Complaint ¶¶ 6-7). Accordingly, by their own actions, they act as an aggregate. Nonetheless, Plaintiff identified the Defendants actions individually through the use of the singular pronoun "each." Specifically, Plaintiff conducted an extensive investigation of the operations of <u>each</u> of the Defendants, including attending one or more public karaoke show put on by <u>each</u> of the Defendants. (Complaint ¶ 59). Through this investigation, Plaintiffs determined <u>each</u> of the Defendants engaged in unlawful trademark and/or trade dress infringement. (Complaint ¶¶ 59-69). The Complaint is sufficient to apprise each of the Defendants' of the nature of their own misconduct, especially since their misconduct was done in the same manner. Further, Defendants may have their specific actions vetted during discovery. Finally, even if the Defendants are improperly aggregated, the proper remedy is for a more definitive statement under Rule 12(e), not dismissal.

      C.      <u>Sufficient Facts are Alleged to Show "Likelihood of Confusion."</u>

Coyne further argues that Plaintiff's Complaint should be dismissed because Plaintiff only alleged confusion among viewers and participants in karaoke shows, not its "customers," who he alleges only to be KJs who purchase CDs.

This argument stems from Coyne's misunderstanding of the difference between copyright and trademark law. The copying of CD's may fall within copyright protection, but it is the display of Plaintiff's marks during karaoke services giving the impression of sponsorship which gives rise to the trademark action. Here, the marks displayed are perfect counterfeits, and KJs or any other restaurant or bar patron cannot tell whether the marks Coyne is displaying are legitimate or not. This is the essence of consumer confusion and the current claims.

**IV.    The Complaint States Plausible Claims for Federal and State Unfair Competition.**

Coyne raises the same arguments regarding trademark infringement to support dismissal of Plaintiff's federal and state unfair competition claims. For the reasons stated above, these arguments are without merit, and should be denied. Accordingly, Plaintiff's federal and state unfair competition claims should not be dismissed.

**V.    The Complaint is Not Barred by the Nominative Fair Use Defense.**

Coyne further claims Plaintiff's claims are barred by the doctrine of nominative fair use. However, as Coyne recognizes, the Seventh Circuit has not ruled on the applicability of the nominative fair use defense, nor the standards by which a claim of nominative fair use should be evaluated. *Dwyer Instr., Inc. v. Sensocon, Inc.*, 873 F.Supp.2d 1015, 1030 (N.D. Ind. 2012); *Ty, Inc. v. Publications Intern., Ltd.*, 2005 WL 464688 (N.D. Ill. 2005). This Court should not follow the Ninth Circuit test set forth in

*New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992); rather, this Court should follow the Sixth Circuit, which has explicitly declined to adopt the nominative fair use defense, finding that its traditional likelihood of confusion test sufficiently captures the potential for trademark misuse. *PACCAR, Inc. v. Telescan Techs., L.L.C.*, 319 F.3d 243, 256 (6th Cir. 2003), *overruled in part by K.P. Permanent Make-Up*, 543 U.S. 111, 116 (2004).[1] Specifically, the Seventh Circuit seven factor test to determine likelihood of confusion already includes "the defendant's intent to palm off its goods [or services] as those of the plaintiffs." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001). If the traditional factor test is used, determining likelihood of confusion "is wholly inappropriate at the motion to dismiss stage." *Vulcan Golf, LLC v. Google Inc.*, 552 F.Supp.2d 752, 764 (N.D. Ill. 2008).

Nonetheless, even if the nominative fair use doctrine is used, it has been raised prematurely. *Americash Loans, LLC v. AO Ventures, LLC*, 2009 WL 743010 (N.D. Ill. 2009); *DeVry Inc. v. University of Medicine & Health Sciences-St. Kitts*, 2009 WL 260950 (N.D. Ill. 2009). An analysis of this defense involves factual issues beyond the pleadings, and Plaintiff was not required to present information to negate a defense in its complaint. *Americash*, 2009 WL 743010 at *5 (citing *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006) (stating that a plaintiff "need not . . . anticipate any defenses")). Even the two cases Coyne cites from this district were decided at a later stage than a motion to dismiss, after Plaintiff had time to present evidence negating such a defense, and in both cases the evidence was found to be insufficient to support the

---

[1] The Third and Fifth Circuits have taken more of a blended approach between the Nominative Fair Use Defense and the Traditional Likelihood of Confusion analysis. *See Century 21 Real Estate Corp. v. Lendingtree, Inc.*, 425 F.3d 211, 222 (3rd Cir. 2005); *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 545 (5th Cir. 1998).

defense. *See R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 2001 WL 747422 at \*6 (N.D. Ill. 2001) (striking a nominative fair use defense as legally insufficient); *World Impressions, Inc. v. McDonald's Corp.*, 235 F.Supp.2d 831, 843 (N.D. Ill. 2002) (granting summary judgment on Plaintiff's nominative fair use defense).

Not waiving any of the foregoing, even if the nominative fair use doctrine applies and it can be addressed at this time, the Complaint itself shows that Coyne is not entitled to the defense. Specifically, Coyne has made a direct copy of Plaintiff's marks, and is using the counterfeit marks to falsely suggest his karaoke services are sponsored, endorsed, approved, or affiliated with Plaintiff. (Complaint ¶¶ 78). The nominative fair use defense is not available for a counterfeit product or service. *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 2001 WL 747422 (N.D. Ill. 2001) (quoting *Pebble Beach Co.*, 155 F.3d at 546 ("By definition, the defendant cannot use the mark to identify its own goods because this would not be a nominative use, and it would also suggest affiliation, sponsorship, or endorsement.")).

### VI. The Complaint is Not Barred by *Dastar*.

Finally, Coyne relies on *Dastar Corp. v. Twentieth Century Fox Film Corp*. 539 U.S. 23, 123 S. Ct. 2041, 156 L. Ed.2d 18 (2003) to claim this matter is barred since it was not brought as a copyright action. However, *Dastar* does not support Coyne's position. In *Dastar,* a series of previously copyrighted television shows had entered the public domain. In legally preparing derivative works, a producer failed to give credit to the producer of the original television series. The producer of the original series filed suit under Section 43 of the Lanham Act alleging that defendant had engaged in a false designation of origin by failing to give credit. The Supreme Court rejected this

contention on the ground that the defendant had the right to produce the derivative work and no confusion of origin occurred because the defendant in fact was the author of the derivative work.

*Dastar* is inapposite to the present case because the defendant in *Dastar* prepared a lawful derivative work under the copyright laws, whereas here Coyne is not authorized to reproduce or distribute Plaintiff's sound recordings under either copyright or trademark laws. Moreover, Defendants' performance of the sound recordings *while displaying Plaintiff's trademarks* suggests that Coyne lawfully acquired Plaintiff's sound recordings and provided karaoke services sponsored by Plaintiff, which he did not. The resultant likelihood of consumer confusion is not an element of copyright infringement.

Even so, *Dastar*'s central holding supports Plaintiff's position in this action. At issue here is Coyne's use of physical copies that the Plaintiff did not create, but that are nevertheless marked with the Plaintiff's trademarks. As the *Dastar* Court concluded:

> In sum, reading the phrase "origin of goods" in the Lanham Act in accordance with the Act's common-law foundations (which were not designed to protect originality or creativity), and in light of the copyright and patent laws (which were), we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods.

*Dastar*, 539 U.S. at 39. The producer of the tangible goods at issue—the physical copies, not the original sound recordings—is not the Plaintiff, so when Coyne displays the Plaintiff's marks while using those copies, the source information conveyed by those marks is false.

### VII. Counterfeit Trademark

Coyne has also briefed for dismissal of a trademark-counterfeiting claim. The Complaint does not assert such a claim; therefore, there is no need to respond to Coyne's arguments addressing it.

### VIII. Conclusion

As demonstrated above, the specificity of the allegations makes for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the claims in this action are not required to be pled with particularity, the Complaint provides fair notice of the precise misconduct with which each of the Defendants are charged and enough details that they can respond meaningfully to the Complaint. Further, the Complaint is not barred by the nominative fair use doctrine or the *Dastar* case. Accordingly, the Plaintiff respectfully requests the Court deny Coyne's motion to dismiss for failure to state a claim.

DATED this 12th day of June 2013.

Respectfully submitted,

SLEP-TONE ENTERTAINMENT CORP.

By __/s/Brian J. Laurenzo_____

| | |
|---|---|
| Brian J. Laurenzo, # 6197605 | Mark Gross, #6197703 |
| BRICK GENTRY P.C. | GROSS & BOYLE, LLC |
| 6701 Westown Parkway, Suite 100 | 15 Salt Creek Lane, Suite 207 |
| West Des Moines, IA 50266 | Hinsdale, IL 60521 |
| Tel:   515-274-1450 | Tel:   630-887-7373 |
| Fax:  515-274-1488 | Fax:  630-887-7171 |
| Attorney for Plaintiff | Attorney for Plaintiff |
| Slep-Tone Entertainment Corporation | Slep-Tone Entertainment Corporation |